IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

In re the Matter of the Personal Restraint of ) ) ) ) ) ) ) ) No. 33554-2-III

CHRISTOPHER JAMES RIDLEY.

UNPUBLISHED OPINION

FEARING, J. — Christopher Ridley seeks relief from personal restraint imposed by his 2012 Yakima County conviction on a guilty plea of attempted first degree child molestation. The judgment and sentence became final on April 11, 2012, the date of filing. RCW 10.73.090(3)(a). Two years later, Ridley filed a first personal restraint petition, contending the trial court used an incorrect offender score and erred by imposing noncrime-related conditions of community custody. We dismissed his first petition as untimely and mixed under RCW 10.73.090(1) and RCW 10.73.100. *See In re Pers. Restraint of Ridley*, no. 32445-1-III (Wash. Ct. App. 2015). When one or more of the grounds asserted for relief falls within the exceptions to the one-year statutory bar in RCW 10.73.100 and one or more does not, we characterize the petition as "mixed" and

dismiss the petition. *In re Pers. Restraint of Weber*, 155 Wn.2d 247, 255, 284 P.3d 734 (2012); RCW 10.73.100.

Three months after dismissal of his first petition, Christopher Ridley filed this second personal restraint petition. He again challenges the conditions of community custody and the offender score. He adds a new claim that the judgment and sentence incorrectly computed the amount of legal financial obligations.

We hold that two of Christopher Ridley's conditions of community custody are invalid on the face of the judgment and sentence. We also hold that the trial court incorrectly computed the amount of the legal financial obligations. As a result, we remand for resentencing. We dismiss the remaining claims.

## STANDARDS OF REVIEW

Christopher Ridley filed this personal restraint petition, like the previous one, more than one year after finality of his case. Therefore, RCW 10.73.090(1) bars the petition as untimely unless the judgment and sentence is invalid on its face, the trial court lacked competent jurisdiction, or the petition is based solely on one or more of the exceptions set forth in RCW 10.73.100(1)-(6). These exceptions include: (1) the petitioner has newly discovered evidence, (2) the conviction statute was unconstitutional, (3) the conviction violated double jeopardy, (4) the petitioner pled not guilty and the evidence was insufficient to support conviction, (5) the sentence exceeded the trial

court's jurisdiction, or (6) there was a significant intervening change in the law material to the conviction or sentence. RCW 10.73.100.

When one or more of the grounds asserted for relief falls within the exceptions in RCW 10.73.100 and one or more does not, the petition is "mixed" and must be dismissed. *In re Pers. Restraint of Turay*, 150 Wn.2d 71, 85-86, 74 P.3d 1194 (2003); RCW 10.73.100. This court need not state which claims are time-barred under RCW 10.73.100 and which are not, and will not decide claims that are not time-barred. *Turay*, 150 at 86.

This court lacks jurisdiction to consider a successive personal restraint petition unless the petitioner certifies that he has not filed a previous petition on similar grounds and shows good cause why he did not raise any new grounds in the previous petition. RCW 10.73.140. Although Christopher assigns as errors rulings, in this second petition, he challenged in his first petition, the second petition is not barred as successive, because the issues raised in the prior petition were not determined on the merits. *See In re Pers. Restraint of Hankerson*, 149 Wn.2d 695, 703, 72 P.3d 703 (2003). "Where claims are dismissed because they are contained in a mixed petition[,] the claims have not been considered on the merits; the dismissal is on procedural grounds." *Hankerson*, 149 Wn.2d at 704.

Christopher Ridley's claims challenging the facial validity of his judgment and sentence are reviewable under RCW 10.73.090(1). *Hankerson*, 149 Wn.2d at 704. Any

3

other claims must qualify for one or more of the exceptions in RCW 10.73.100(1)-(6).

Generally a judgment and sentence is invalid on its face if the fatal defect is apparent on

the face of the judgment without further elaboration. *See In re Pers. Restraint of*

*Goodwin*, 146 Wn.2d 861, 866, 50 P.3d 618 (2002). The judgment is invalid if the trial

court exercised a power it did not have or imposed a sentence that was not authorized by

law. *In re Pers. Restraint of Snively*, 180 Wn.2d 28, 32, 320 P.3d 1107 (2014); *In re*

*Pers. Restraint of Coats*, 173 Wn.2d 123, 135-36, 267 P.3d 324 (2011).

## COMMUNITY CUSTODY CONDITIONS

Under RCW 9.94A.507(5), a person convicted of attempted first degree child

molestation shall be sentenced to community custody under the supervision of the

Department of Corrections for any time he or she is released from total confinement

before expiration of the maximum sentence. The sentencing court is required to impose

certain conditions and has discretion to impose others, such as crime-related prohibitions,

affirmative conditions, and statutorily authorized infringements of certain constitutional

rights. RCW 9.94A.505(8) (2010); former RCW 9.94A.703 (2009); *State v. Bahl*, 164

Wn.2d 739, 744, 193 P.3d 678 (2008); *State v. Riles*, 135 Wn.2d 326, 346-47, 957 P.2d

655 (1998), *abrogated on other grounds by State v. Valencia*, 169 Wn.2d 782, 239 P.3d

1059 (2010). We review the trial court's imposition of conditions of community custody

for abuse of discretion. *Valencia*, 169 Wn.2d at 791-92.

4

Christopher Ridley challenges six conditions of community custody imposed by the trial court:

[1] Have no direct or indirect contact with victim or the victim['] s family of this offense, through either direct or indirect means.

. . . .

[2] Report no later than the next business day after sentencing or release from jail to a Washington State approved alcohol/drug assessment facility for evaluation. Cooperate fully with the facility and immediately enter into and complete any recommended treatment program by the end of supervision.

. . . .

[3] Hold no position of authority or trust involving children.

. . . .

[4] Have no contact with minor children other than own biological children. Any other minor contact must have the approval of your sexual deviancy therapist and/or supervising Community Corrections Officer. Approved contact shall only be in the presence of a responsible adult who has been approved in advance as a sponsor by the deviance therapist and/or Community Corrections Officer.

. . . .

[5] Do not purchase, possess, or view any pornographic material in any form as defined by the treatment provider.

. . . .

[6] Submit to regular polygraph and plethysmograph examinations about deviant sexual behavior upon the request of the supervising Community Corrections Officer.

Judgment and sentence at 4.

Christopher Ridley first contends conditions 2, 3, and 4 are invalid because they are not crime related. This claim, however, requires consideration of the facts of this case and involves the exercise of the trial court's discretion. Consequently, this claim cannot

5

be determined from the face of the judgment and sentence and is not reviewable under RCW 10.73.090(1).

Christopher Ridley also contends his challenge to conditions 2, 3, and 4 qualifies for the exception found in RCW 10.73.100(5). He contends that the three conditions exceed the jurisdiction of the court because the court violated RCW 9.94A.030(10) when it imposed prohibitions that were not crime related. The statute defines "crime-related prohibition" as a court order prohibiting conduct that directly relates to the circumstances of the crime. But a sentence is not jurisdictionally defective merely because it violates a statute or is based on a misinterpretation of a statute. *In re Pers. Restraint of Richey*, 162 Wn.2d 865, 872, 175 P.3d 585 (2008); *In re Pers. Restraint of Vehlewald*, 92 Wn. App. 197, 201-02, 963 P.2d 903 (1998). Consequently, this court is barred from considering whether the conditions are crime related.

Christopher Ridley next contends that conditions 1, 3, 4, 5, and 6 are invalid on the face of the judgment and sentence because they are unconstitutionally vague or violate other constitutional rights. A condition of community custody is unconstitutionally vague if ordinary people cannot understand what conduct is proscribed. *State v. Bahl*, 164 Wn.2d 739, 754, 193 P.3d 678 (2008).

Conditions 1, 3, and 4 prohibit Christopher Ridley from contact with the victim or the victim's family, from holding a position of authority or trust with children, and from contact with a nonbiological child except in the presence of an approved responsible

6

adult. Persons of ordinary intelligence can understand what these conditions proscribe. Consequently, they are not unconstitutionally vague. Furthermore, they are not constitutionally overbroad, because a convicted defendant's freedom of association may be restricted when reasonably necessary to accomplish the state's interest in protecting the public. *See Riles*, 135 Wn.2d at 346-47. These conditions are not invalid for the purposes of RCW 10.73.090(1).

Condition 5, however, prohibits the purchase, possession, or viewing of pornographic material. In *Bahl*, 164 Wn.2d at 758, the Washington Supreme Court held that a restriction on accessing or possessing pornographic material is unconstitutionally vague. Thus, condition 5 is a facially invalid defect in Christopher Ridley's judgment and sentence because the trial court imposed a sentence not authorized by law. *Snively*, 180 Wn.2d at 32.

The requirement in condition 6 that Christopher Ridley submit to plethysmograph examinations upon the request of the community corrections officer violates his constitutional right to be free from bodily intrusions. *State v. Land*, 172 Wn. App. 593, 605, 295 P.3d 782 (2013). Plethysmograph testing does not serve a monitoring purpose; rather, it is a gauge for determining immediate sexual arousal level, used as part of a treatment program for sexual offenders. *Riles*, 135 Wn.2d at 345. This "treatment device" may be imposed as part of a crime-related treatment or counseling, but is not properly ordered by a community corrections officer to monitor compliance with

7

ordinary community custody conditions. *Id.* Thus, condition 6 is also a facially invalid defect in the judgment and sentence.

Both condition 5 and condition 6 constitute facially invalid conditions of Christopher Ridley's judgment and sentence under RCW 10.73.090(1). These conditions of community custody must be corrected on remand to the superior court.

OFFENDER SCORE

As he did in his first personal restraint petition, Christopher Ridley contends that his prior class B and class C juvenile adjudications should have washed out. He contends this claim is reviewable under RCW 10.73.100(5) because the offender score exceeded the sentencing court's jurisdiction. But a mistake in calculating an offender score does not deprive a court of jurisdiction. *In re Pers. Restraint of Banks*, 149 Wn. App. 513, 517, 204 P.3d 260 (2009) (citing *Vehlewald*, 92 Wn. App. at 200-01). Furthermore, this issue was decided on the merits in the first petition and Mr. Ridley provides no good cause for addressing it again. RCW 10.73.140. *See Ridley*, no. 32445-1-III at 2-3.

CALCULATION OF LEGAL FINANICIAL OBLIGATIONS

Christopher Ridley contends his judgment and sentence is invalid on its face because the court incorrectly calculated his legal financial obligations. The court assigned costs of $500 for the crime penalty assessment, $200 for the filing fee, $600 for the court-appointed attorney, and $100 for the DNA (deoxyribonucleic acid) collection

8

No. 33554-2-III
*In re Pers. Restraint of Ridley*

fee, for a total obligation of $1,500. The sum of these costs, however, is actually $1,400. Accordingly, the amount must be corrected on remand to the superior court.

CONCLUSION

We remand Christopher Ridley's judgment and sentence to the Yakima County Superior Court for the striking of the community custody conditions regarding pornography and plethysmograph testing and for correction of the error in computing the amount of the legal financial obligations. Ridley's request for counsel is referred to the superior court. RAP 16.12; RAP 16.15(g). The remaining portion of his petition is dismissed as untimely. RCW 10.73.090(1).

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Fearing, J.

WE CONCUR:

Siddoway, C.J.

Korsmo, J.

9