IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 33857-6-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| DWAYNE M. RANKIN, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Dwayne M. Rankin challenges the Yakima County Superior

Court's order of restitution in his 2003 amended sentence for first degree manslaughter

and second degree assault. He also appeals from the 2015 order denying his motion for

reconsideration of the ruling that denied his motion to remit the amount of restitution still

owed. We hold that (1) the challenge to the 2003 amended sentence is untimely, and (2)

the superior court properly denied the 2015 order on the motion for reconsideration.

Accordingly, we affirm.

FACTS

In 1996, Mr. Rankin pleaded guilty to second degree felony murder. His

conviction was based on assault as the predicate felony for second degree murder,

violating the rule in *In re Personal Restraint of Andress*, 147 Wn.2d 602, 56 P.3d 981

(2002).[1] Consequently, the 1996 conviction was vacated and Mr. Rankin was resentenced

on August 20, 2003, after pleading guilty to first degree manslaughter and second degree

assault. The amended sentence imposed costs, assessments, and fines totaling $5,447 and

restitution totaling $16,000. Mr. Rankin has joint and several responsibility for the

amount of restitution with his codefendant, Mark Dana Johnson.

Mr. Rankin was released from custody on August 20, 2003. Within ten years after

that date, on August 8, 2013, the State properly extended the period for payment of his

legal financial obligations (LFOs) an additional 10 years under RCW 9.94A.760(4).[2] Mr.

Rankin made regular and consistent payments on his LFOs after his release. Even so, the

Yakima County Superior Court clerk mistakenly turned his LFOs over to a private

collection service in April 2004. Although the collection service doubled his monthly

payments and added collection fees, he continued to make regular monthly payments

while supporting a wife and seven children. His codefendant, Mr. Johnson, rarely made

---

[1] *Andress*, 147 Wn.2d at 615-16, held that the Washington Legislature did not intend that assault should serve as a predicate felony for second degree felony murder.

[2] Generally, LFOs for an offense committed before July 1, 2000 (such as the one here), are enforceable at any time within 10 years of entry of the judgment and sentence or within 10 years after the offender's release, whichever is later. RCW 9.94A.760(4). Prior to expiration of this initial 10-year period, the superior court may extend the criminal judgment an additional 10 years for payment of the LFOs. RCW 9.94A.760(4).

2

payments on the joint restitution liability.

On July 15, 2015, Mr. Rankin filed a motion in superior court to terminate his LFOs. He argued that responsibility for his LFOs had expired under RCW 9.94A.760(4), or that they should be terminated under RCW 10.01.160(3) and *State v. Blazina*, 182 Wn.2d 827, 839, 344 P.3d 680 (2015) because the trial court did not take into account the burden that payment of costs would impose.

The superior court held a hearing on Mr. Rankin's motion on August 14, 2015. The court noted the State had timely filed for extension of the LFOs under RCW 9.94A.760(4). Because the clerk's office admitted the obligation should not have been turned over to collection while Mr. Rankin was making regular payments, it agreed to pull the account back from the collection service and eliminate all collection fees. Mr. Rankin had paid a total of $5,390.18 on the original $16,000.00 of restitution, while his codefendant had paid only $434.79.

Treating Mr. Rankin's action as a motion to remit payments under RCW 10.01.160(4), the superior court remitted payment of the $11,517.96 owed in fines, costs, and assessments. The judge explained to Mr. Rankin that the court could not remit payment of the restitution and its interest, currently totaling $24,526.30. That amount remained a joint and several obligation payable by Mr. Rankin and Mr. Johnson. The

3

judge then noted that after payment of the principal amount of $16,000.00, Mr. Rankin could petition the court under RCW 10.82.090 for waiver of the accrued interest. Apparently the superior court's oral ruling has not yet been filed as a final order.

Mr. Rankin moved for reconsideration and requested severance of his joint and several restitution obligation. In an order entered on September 23, 2015, the superior court denied the motion for reconsideration. The superior court also denied the motion to sever as an untimely collateral attack of the amended judgment and sentence.

## ANALYSIS

On appeal, Mr. Rankin continues to assert that the 2003 sentencing court violated RCW 10.01.160(3) and *Blazina* by imposing LFOs without taking into account his financial resources and the burden of paying those costs. In *Blazina*, 182 Wn.2d at 837-38, the Washington Supreme Court held that under RCW 10.01.160(3), a sentencing judge must consider the defendant's individual financial circumstances before imposing discretionary LFOs. When the defendant does not object to the imposition of discretionary LFOs at sentencing, however, the appellate court has discretion under RAP 2.5(a) to refuse review of this claim. *Blazina*, 182 Wn.2d at 832-33.

The record does not show that Mr. Rankin objected to the imposition of LFOs, and any appeal from the amended judgment and sentence is untimely. *See* RAP 5.2(a). At

4

any rate, his only remaining obligation is restitution. The legislature has divested courts of the discretion to consider a defendant's ability to pay when imposing mandatory obligations such as restitution. *State v. Lundy*, 176 Wn. App. 96, 102, 308 P.3d 755 (2013). Thus, neither RCW 10.01.160(3) nor *Blazina* apply here.

Rather than directly address Mr. Rankin's motion to terminate the LFOs, the superior court treated it as a motion to remit the remaining obligation. We review the court's decision on a motion to remit for abuse of discretion. *See* RCW 10.01.160(4). Discretion is abused if it is exercised on untenable grounds. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

Under RCW 10.01.160(4), a defendant who is not in contumacious default may at any time petition the sentencing court for remission of the payment of costs. If the court is satisfied that payment of the amount due will impose manifest hardship on the defendant or his or her family, the court may remit all or part of the amount due in costs, or may modify the method of payment. RCW 10.01.160(4). Statutorily defined mandatory LFOs are not "costs" under RCW 10.01.160(1) and (2), and are not subject to a motion to remit under RCW 10.01.160(4). Relevant here, restitution for injury is mandatory absent extraordinary circumstances. *See* RCW 9.94A.505(8) (a sentencing court "shall order restitution"); RCW 9.94A.753(5) (restitution "shall be ordered

5

whenever the offender is convicted of an offense which results in injury to any person . . . unless extraordinary circumstances exist which make restitution inappropriate in the court's judgment"); RCW 9.94A.753(4) ("The court may not reduce the total amount of restitution ordered because the offender may lack the ability to pay the total amount.").

The superior court found that the LFOs created a financial hardship on Mr. Rankin and his family, and that he was not in contumacious default. Consequently, the court remitted payments of all fines, costs, and assessments except for the mandatory restitution obligation. Because the superior court had no authority to remit payment of restitution, its ruling rests on tenable grounds.

Mr. Rankin's sole remaining obligation is joint and several liability for restitution. For the first time in his motion for reconsideration, he requested severance of his joint liability. Because joint and several liability was imposed by the 2003 sentencing court, his collateral challenge of this sentencing condition 12 years later was untimely.

Under RCW 10.73.090(1), no motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment is final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction. Generally a judgment and sentence is invalid on its face if the defect is apparent without elaboration on the face of the document. *In re Pers. Restraint of*

6

No. 33857-6-III
*State v. Rankin*

*Goodwin*, 146 Wn.2d 861, 866, 50 P.3d 618 (2002). The judgment is invalid if the trial court imposed a sentence that was not authorized by law. *In re Pers. Restraint of Snively*, 180 Wn.2d 28, 32, 320 P.3d 1107 (2014).

The sentencing court's authority to impose restitution is statutory and was properly exercised here to recover expenses related to the victim's death. *See* RCW 9.94A.753(5) (restitution is mandatory when the offender is convicted of an offense that results in injury). The size of the restitution award was within the court's discretion and may not be reviewed without resorting to facts outside the face of the amended judgment and sentence. *See State v. Griffith*, 164 Wn.2d 960, 965, 195 P.3d 506 (2008) (amount of restitution is discretionary). Mr. Rankin's challenge of joint and several liability for restitution is essentially a collateral attack of the trial court's discretion to determine the amount he owes for restitution. Because the trial court's decision was based on evidence outside the amended judgment and sentence, he fails to show a facial defect that supports review under RCW 10.73.090(1).

## CONCLUSION

The superior court did not abuse its discretion in remitting all LFOs other than Mr. Rankin's joint and several liability for restitution. His collateral attack of the 2003 sentencing court's imposition of joint and several liability for the restitution amount is

7

No. 33857-6-III
*State v. Rankin*

untimely. Accordingly, we affirm.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Fearing, C.J.

_____
Siddoway, J.

8