# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the ) | No. 75082-8-I consolidated with |
| ) | No. 75083-6-I |
| Personal Restraint Petition of ) | |
| ) | DIVISION ONE |
| TROY D. STUBBS, ) | |
| ) | UNPUBLISHED OPINION |
| Petitioner. ) | |
| ) | FILED: March 5, 2018 |

2018 MAR -5 AM 8:32

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

MANN, J. — Troy Stubbs seeks relief from personal restraint imposed following his conviction for second degree burglary and his conviction for taking a motor vehicle, convictions that both occurred in 1985. In April 2016, he filed a personal restraint petition challenging both 1985 convictions. Because his petition is time barred and because he does not seek the only relief he is entitled to, we dismiss the petition.

## FACTS

In 1980, when Troy Stubbs was 14 years old, he committed two crimes: second degree burglary and taking a motor vehicle. In 1985, when he was 19 years old, Stubbs pleaded guilty to and was convicted of two more crimes: taking a motor vehicle without the owner's permission and second degree burglary. The sentencing court in the latter case included Stubbs's juvenile crimes from 1980 in calculating his offender scores in the 1985 sentences.

No. 75082-8-I/2

Stubbs's date of birth is not listed on either his 1985 judgment and sentence for second degree burglary or his 1985 judgment and sentence for taking a motor vehicle. But the 1985 statement of defendant on plea of guilty for second degree burglary and the 1985 statement of defendant on plea of guilty for taking a motor vehicle both give his age as "19."

Stubbs is currently serving a prison sentence for an unrelated crime. Stubbs filed this petition on April 13, 2016.

## ANALYSIS

RCW 10.73.090 requires a petitioner to file a personal restraint petition within one year after the judgment and sentence becomes final. As a petitioner, Stubbs bears the burden of proving that his petition is timely. In re Pers. Restraint of Quinn, 154 Wn. App. 816, 831, 226 P.3d 208 (2010).

Stubbs concedes that he filed his petition challenging the two 1985 judgment and sentences more than one year after those judgment and sentences became final. Accordingly, we will dismiss the petition unless Stubbs demonstrates that the judgment and sentences are facially invalid or that an exception to the time bar under RCW 10.73.100 applies.

*Facially invalid judgment and sentences*

Stubbs contends that his 1985 judgment and sentence for second degree burglary and his 1985 judgment and sentence for taking a motor vehicle are facially invalid because the sentencing court miscalculated his offender scores by improperly counting two juvenile convictions toward his offender scores.

-2-

A petitioner is unlawfully restrained when she or he is sentenced on the basis of an incorrect offender score. In re Pers. Restraint of Goodwin, 146 Wn.2d 861, 867-68, 50 P.3d 618 (2002). "This is because a sentencing court acts without statutory authority when it imposes a sentence based on a miscalculated offender score." Goodwin, 146 Wn.2d at 868. "A judgment and sentence is facially invalid if the trial court lacked authority to impose the challenged sentence." In re Pers. Restraint of Snively, 180 Wn.2d 28, 32, 320 P.3d 1107 (2014).

The version of the Sentencing Reform Act of 1981 in place when Stubbs committed second degree burglary and taking a motor vehicle only allowed a sentencing court to count juvenile offenses toward an adult's offender score if the offender was 15 or older at the time the offense was committed. See former RCW 9.94A.030(8)(b) (1984) ("'Criminal history' includes a defendant's convictions or pleas of guilty in juvenile court if: (i) The guilty plea or conviction was for an offense which is a felony and is criminal history as defined in RCW 13.40.020(6)(a); and (ii) the defendant was fifteen years of age or older at the time the offense was committed; and (iii) the defendant had not reached his or her twenty-third birthday at the time the offense for which he or she is being sentenced was committed.").

Stubbs committed his crimes on May 14, 1985 and August 20, 1985. He committed his juvenile offenses on April 17, 1980 and May 9, 1980. If Stubbs was 19 in 1985, then he would have been 14 in 1980, which means that he committed his juvenile offenses when he was younger than 15. Because he was younger than 15 when he committed his juvenile offenses, those crimes should not have been included in his offender score in 1985. Former RCW 9.94A.030(8)(b); former RCW 9.94A.360(1)

-3-

(1984); Goodwin, 146 Wn.2d at 868. Accordingly, we hold that Stubbs's 1985 judgment and sentences are facially invalid because the sentencing court did not have the authority to count Stubbs's 1980 juvenile convictions toward his 1985 offender score. Snively, 180 Wn.2d at 32.

The sole remedy for a sentencing error is correction of the error. In re Pers. Restraint of Adams, 178 Wn.2d 417, 427, 309 P.3d 451 (2013); Snively, 180 Wn.2d at 32. Stubbs asks us to vacate his judgment and sentences and allow him to withdraw his guilty pleas. His request for the vacation of his judgment and sentences is without merit because we cannot grant that relief. Adams, 178 Wn.2d at 427. And although Stubbs avoids the time bar to challenge his facially invalid sentence, he may not rely on a facially invalid sentence to assert another time barred claim, the invalidity of his guilty pleas. Snively, 180 Wn.2d at 32 (holding that a challenge to a facially invalid sentence does not entitle the petitioner to challenge the voluntariness of the petitioner's guilty plea). We hold that Stubbs's claim is without merit.

*Breach of the plea agreement*

Stubbs also alleges in his petition that the prosecutor breached the plea agreement by including his juvenile offenses in his offender score for purposes of his 1985 sentencing.[1]

A petitioner may establish actual and substantial prejudice and is entitled to relief if she or he can show that the prosecutor failed to adhere to the plea agreement's terms. In re Pers. Restraint of Lord, 152 Wn.2d 182, 189, 94 P.3d 952 (2004). "A

---

[1] We appointed counsel for Stubbs but his counsel did not brief this issue.

No. 75082-8-I/5

defendant may seek relief from a prosecutor's failure to adhere to the terms of the plea agreement in a timely PRP." Lord, 152 Wn.2d at 189 (emphasis added). Stubbs's petition is not timely and this claim does not fall within any of the exemptions set forth in RCW 10.73.100. His petition is time barred and must be dismissed.

Mann, J.

WE CONCUR:

Trickey, J