# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 50442-1-II |
| Respondent, | |
| v. | |
| RAMON TREVINO-HERNANDEZ, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Ramon Trevino-Hernandez was resentenced on two of six convictions involving the rape and molestation of a child. He appeals his sentence, arguing that the trial court erred when it entered findings that he would be able to pay legal financial obligations (LFOs) in the future and allowed for later entry of LFOs because the court (1) exceeded its authority under the remand order and (2) failed to make an individualized inquiry regarding Trevino-Hernandez's ability to pay. The State concedes both arguments.

In addition, Trevino-Hernandez raises several issues in a statement of additional grounds (SAG) for review.

We reject the State's concession on the first issue but accept the State's concession on the second issue. Thus, we hold that the trial court possessed authority to address LFOs, but that the trial court erred by entering a finding that Trevino-Hernandez would be able to pay LFOs without inquiring into Trevino-Hernandez's individual ability to pay. We also determine that Trevino-Hernandez raises no issues requiring reversal in his SAG. Consequently, we strike the

finding that Trevino-Hernandez would be able to pay LFOs, and we remand to the trial court for further proceedings consistent with this opinion.

FACTS

In 2008, Ramon Trevino-Hernandez was charged with six counts relating to the rape and molestation of a child.[1] He pleaded guilty to all counts, and was sentenced under former RCW 9.94A.712 (2001). Trevino-Hernandez was sentenced to indeterminate sentences for all six counts.

Trevino-Hernandez filed a PRP (personal restraint petition) that this court transferred to the Washington Supreme Court.[2] The Supreme Court held that Trevino-Hernandez was entitled to a correction of his sentence regarding counts 1 and 3 because former RCW 9.94A.712, which authorized indeterminate sentences for certain crimes, applied only to criminal acts occurring on or after September 1, 2001. Former RCW 9.94A.712(1).[3] Because the underlying acts for counts 1 and 3 occurred before the effective date of the indeterminate sentencing statute, the Supreme Court granted Trevino-Hernandez's PRP "as to the validity of the sentencing on counts

---

[1] These counts were as follows: counts 1 and 2, first degree child rape; counts 3 and 4, first degree child molestation; count 5, second degree rape of a child; and count 6, second degree child molestation.

[2] This court determined that Trevino-Hernandez's PRP was successive.

[3] Conduct relating to count 1 occurred between September 1, 1996 and August 21, 2001. Conduct relating to count 3 occurred between September 1, 1996 and August 31, 2001.

[1 and 3], and . . . remanded to the Superior Court for resentencing on these counts."[4] Clerk's

Papers (CP) at 54.

On remand, the trial court vacated Trevino-Hernandez's sentence as to counts 1 and 3,

and conducted a resentencing hearing on those counts. The trial court confirmed that Trevino-

Hernandez's counsel met with Trevino-Hernandez before the resentencing hearing. Counsel

raised Trevino-Hernandez's concerns and arguments to the court.

The trial court twice invited Trevino-Hernandez to speak during the resentencing hearing.

In both instances, Trevino-Hernandez said that counsel's argument reflected all he had to say.

After considering argument and the original sentence imposed, the trial court resentenced

Trevino-Hernandez to the high end of the sentencing range for each count.

The trial court then entered a judgment and sentence for counts 1 and 3. The trial court

checked a box in the findings section of the document, finding that "the defendant is presently

indigent but is anticipated to be able to pay financial obligations in the future. RCW 9.94A.753."

CP at 75. The court also checked the boxes indicating that restitution or other legal financial

obligations can be determined at a later date and that the prosecutor shall set the restitution

hearing. The resentencing hearing record does not reflect any discussion of, or individualized

inquiry into, Trevino-Hernandez's current or future financial ability.

Trevino-Hernandez appeals.

---

[4] Because this was a facial sentencing error, the court held that the claim was exempt from the PRP time limitation. The court did not review Trevino-Hernandez's PRP claim that his guilty plea was involuntary because those claims were untimely under *In re Pers. Restraint of Snively*, 180 Wn.2d 28, 32, 320 P.3d 1107 (2014).

ANALYSIS

I. LEGAL FINANCIAL OBLIGATIONS IMPOSED AT THE RESENTENCING HEARING

Trevino-Hernandez argues that the trial court erred when it entered a finding of fact stating he was "'anticipated to be able to pay financial obligations in the future'" and when it allowed for a new restitution hearing. Br. of Appellant at 8 (quoting CP at 75). Specifically, he contends that the Washington Supreme Court did not authorize the trial court to revisit his LFOs during this resentencing proceeding. He also contends that the trial court erred because it did not make an individualized inquiry into his ability to pay before finding that he can or could pay in the future. The State concedes that the remand order did not allow the trial court to enter any findings regarding legal financial obligations. The State also concedes that no individual inquiry was made on the record into Trevino-Hernandez's ability to pay before the imposition of legal financial obligations. Accordingly, both parties request this court remand the case to the trial court to strike the findings regarding legal financial obligations from the judgment and sentence.

A.    *Remand Order*

Without citation to law, Trevino-Hernandez contends that the remand order limited the trial court to resentencing under the proper statute and did not allow for consideration of legal financial obligations. The State concedes this issue. We disagree with Trevino-Hernandez and, thus, reject the State's concession.

An appellate court mandate can limit the scope of a trial court's discretion to resentence on remand. *State v. Kilgore*, 167 Wn.2d 28, 42, 216 P.3d 393 (2009). A decision made by an appellate court is "binding on the parties to the review and governs all subsequent proceedings."

RAP 12.2. In *State v. Toney*, we held that the trial court properly exercised its discretion by conducting a full, adversarial resentencing proceeding when this court's opinion and remand unequivocally "'remand[ed] for resentencing.'" 149 Wn. App. 787, 792-93, 205 P.3d 944 (2009) (alteration in original) (quoting *State v. Toney*, noted at 95 Wn. App. 1031, 1999 WL 294615, at \*1). During a full sentencing proceeding, a trial court may impose discretionary LFOs in accordance with RCW 10.01.160(3). *See State v. Blazina*, 182 Wn.2d 827, 837-38, 344 P.3d 680 (2015).

Here, the remand order stated that Trevino-Hernandez's petition was granted "as to the validity of the sentencing on Counts [1 and 3], and is remanded to the Superior Court *for resentencing on these counts*." CP at 54 (emphasis added). Like *Toney*, the language of this remand for resentencing was not limited to a ministerial correction, but rather entitled the defendant to a full resentencing hearing on counts 1 and 3 without restraints from a specific mandate.

Because the remand order did not limit the trial court, it was entitled to conduct a full sentencing proceeding on counts 1 and 3, which included the ability to address LFOs on those counts. This is exactly what the trial court did. First, the trial court vacated the sentence as to counts 1 and 3. Then, the trial court heard argument from Trevino-Hernandez and the State regarding the amount of time to be imposed for counts 1 and 3. The trial court then imposed sentences at the high end of the standard range. The trial court was entitled to, and did indeed, conduct a full sentencing hearing regarding counts 1 and 3. Because the resentencing was a full sentencing hearing, the trial court had authority to address LFOs in accordance with RCW

10.01.160(3). We hold that the trial court operated within its authority on remand to conduct a full sentencing hearing on counts 1 and 3, which included making findings on Trevino-Hernandez's ability to pay LFOs.

B.       *Entry of LFO Findings without Individualized Inquiry*

Trevino-Hernandez also argues that the trial court erred when it entered the finding of Trevino-Hernandez's future ability to pay because it failed to make an individualized inquiry into his ability to pay before entering the finding. The State concedes this issue. We agree with Trevino-Hernandez and accept the State's concession.

The adequacy of a sentencing court's inquiry into a defendant's ability to pay discretionary LFOs is a mixed question of law and fact we review de novo. *State v. Ramirez*, No. 95249-3, 2018 WL 4499761, at *4 (Wash. Sept. 20, 2018). Our Supreme Court has made clear that under RCW 10.01.160(3), the sentencing court "must do more than sign a judgment and sentence with boilerplate language stating that it engaged in the required inquiry." *Blazina*, 182 Wn.2d at 838. In this case-by-case analysis, each judge must take into consideration important factors such as incarceration and the defendant's other debts. *Ramirez*, 2018 WL 4499761, at *4. The record on appeal must show that the trial court made an individualized inquiry into the defendant's current and future ability to pay. *Blazina*, 182 Wn.2d at 838.

Here, the record shows that the sentencing court did not make any such inquiry into any factors comprising Trevino-Hernandez's financial ability to pay LFOs. Without this inquiry, the trial court erred by finding that Trevino-Hernandez "is presently indigent but is anticipated to be able to pay financial obligations in the future." Accordingly, we strike these findings and

remand this case for the trial court to either properly consider Trevino-Hernandez's ability to pay discretionary LFOs or strike them.[5]

## II. STATEMENT OF ADDITIONAL GROUNDS

In his SAG, Trevino-Hernandez raises several additional issues to challenge his conviction and sentence. Trevino-Hernandez argues that all six convictions must be dismissed, or alternatively, that he be allowed to withdraw his guilty plea. We hold that these arguments are untimely. To the extent that Trevino-Hernandez argues that he was denied his rights to counsel and to allocute at his resentencing hearing, and that the trial court did not adhere to the remand order (SAG at 5-6), we disagree.

A.      *SAG Principles*

A SAG must adequately inform the court of the nature and occurrence of alleged errors. *State v. Calvin*, 176 Wn. App. 1, 26, 302 P.3d 509, 316 P.3d 96 (2013). We consider only arguments not already adequately addressed as raised by the defendant's appellate counsel. *State v. Thompson*, 169 Wn. App. 436, 493, 290 P.3d 996 (2012). We do not consider matters outside the scope of the direct appeal. *State v. Barberio*, 121 Wn.2d 48, 50-51, 846 P.2d 519 (1993). We do not review matters outside the record on direct appeal. *State v. McFarland*, 127 Wn.2d 322, 338, 899 P.2d 1251 (1995). Issues involving facts outside of the record are properly raised

---

[5] After the briefing in this case was completed, Engrossed Second Substitute House Bill 1783, 65th Leg., Reg. Sess. (Wash. 2018) (House Bill 1783), amended two statutes at issue and now prohibits the imposition of certain LFOs on indigent defendants. LAWS OF 2018, ch. 269, §§ 6, 17. House Bill 1783 applies prospectively. *Ramirez*, 2018 WL 4499761, at *6. Because it was not briefed, we leave for the sentencing court the determination of House Bill 1783's effect on Trevino-Hernandez's case.

in a PRP, rather than a SAG. *Calvin*, 176 Wn. App. at 26. And we are "not obligated to search the record in support of claims made in a [SAG]." RAP 10.10(c).

B.      *SAG Arguments Outside Scope of Direct Appeal*

As an initial matter, Trevino-Hernandez's request for relief states only that he requests dismissal of all six convictions or, alternatively, a withdrawal of his guilty plea and a new trial. Trevino-Hernandez's requested relief is outside the scope of the direct appeal.

Although Trevino-Hernandez requests relief beyond the scope of this appeal, he alleges errors arising from his resentencing hearing. Specifically, he alleges that his rights to counsel and to allocution were violated and that the trial court did not comply with the remand order. We exercise our discretion to consider these arguments to determine only whether Trevino Hernandez is entitled to a new resentencing hearing. We hold that he is not.

C.      *Sixth Amendment Right To Communicate with Counsel*

Trevino-Hernandez appears to claim that he was deprived of meaningful communication with his trial counsel for the resentencing hearing. We disagree.

A defendant's constitutional right to the assistance of counsel includes the right to confer privately with his or her attorney. *State v. Peña Fuentes*, 179 Wn.2d 808, 818, 318 P.3d 257 (2014). We review the denial of a constitutional right de novo. *State v. Stone*, 165 Wn. App. 796, 810, 268 P.3d 226 (2012).

Trevino-Hernandez claims that he was unable to meaningfully communicate with his attorney, but the record on appeal shows that counsel met with Trevino-Hernandez before the hearing. The trial court verified on the record that Trevino-Hernandez was able to confer with

8

his attorney before the hearing. Based on the record on appeal, we hold that Trevino-Hernandez had an adequate opportunity to meet and discuss his case with his attorney before resentencing.

D.      *Right to Allocution*

Trevino-Hernandez also claims his right to allocution at the resentencing hearing was violated. We disagree.

Washington recognizes a defendant's statutory right to allocution, which requires a court to consider any argument by the defendant as to the sentence being imposed. RCW 9.94A.500(1); *State v. Canfield*, 154 Wn.2d 698, 703-04, 116 P.3d 391 (2005).

Here, the record on appeal shows Trevino-Hernandez was twice given the opportunity to speak and twice declined to do so. In both instances, the trial court addressed Trevino-Hernandez directly and invited him to make any statements after counsel argued on his behalf. In both instances, Trevino-Hernandez said that his counsel's argument reflected all he had to say. We hold that Trevino-Hernandez was provided the opportunity to speak at his resentencing hearing. Accordingly, Trevino-Hernandez's right to allocution was not violated.

E.      *Compliance with the Remand Order*

Trevino-Hernandez claims the trial court did not follow the remand order. Specifically, Trevino-Hernandez says the "trial court still needs to complete order of Supreme [C]ourt by correcting judgment and sentence from miscarriage of justice accordingly [sic]." Trevino-Hernandez appears to seek resentencing on all counts. SAG at 6. This claim fails.

As discussed above, the trial court complied with the Supreme Court's remand order by resentencing Trevino-Hernandez to counts 1 and 3 under the proper statute. The remand order

addressed only this resentencing issue and did not reach the merits of Trevino-Hernandez's other

PRP claims. As a result, the trial court properly complied with the order by not addressing

counts 2, 4, 5, or 6 at the resentencing hearing. Because the trial court complied with the remand

order of resentencing counts 1 and 3, except for the LFOs as discussed above, Trevino-

Hernandez is not entitled to relief on this ground.

F.      *Too Vague To Address, Additional Ground 1*

A SAG must inform the court of the nature and occurrence of the alleged error. RAP

10.10(c). In additional ground 1, Trevino-Hernandez provides factual background of his life and

raising his daughter, the victim of his crimes. Trevino-Hernandez mentions evidentiary failings,

but it is impossible to tell what his argument is. To the extent he makes legal arguments in

additional ground 1, these assertions of error are too vague to allow us to identify the issues. As

such, we are unable to reach them.

G.      *Grounds Outside the Record*

Trevino-Hernandez also asserts a number of other claims that are outside the record on

direct appeal to this court. Although he pleaded guilty, Trevino-Hernandez claims a variety of

trial errors, in addition to sentencing errors, an involuntary guilty plea, and his overall factual

innocence regarding his convictions. We can address only facts and issues within the record of

the direct appeal.

In additional grounds 2, 4, and 5, Trevino-Hernandez denies certain facts pertaining to his

crimes or certain reports made during the investigation into his crimes. He maintains his

innocence and insists that some investigatory materials support his position.

In additional grounds 3, 4, and 5, Trevino-Hernandez claims ineffective assistance by his trial counsel and that he had a right to speak at his initial sentencing hearing. He asserts that trial counsel failed to object to certain remarks from the prosecutor, failed to file a motion in limine to restrict the State's ability to attack his character, and that counsel's performance overall fell below the standard of objective reasonableness.

In additional ground 4, Trevino-Hernandez claims a number of errors by the prosecutor which prevented him from receiving a fair trial as required by due process. He claims the prosecutor committed misconduct by labeling him a "criminal" in its opening statement. SAG at 9. He also asserts a *Brady*[6] violation for what he believes was a withholding of an exculpatory report. Further, he contends that there were no jury instructions for lesser included offenses provided. Last, Trevino-Hernandez contends his current incarceration is cruel and unusual punishment because he is innocent of the crimes for which he has been convicted.

In additional grounds 4 and 5, Trevino-Hernandez claims his plea was not made voluntarily or knowingly. In additional ground 5, Trevino-Hernandez claims he was not given the opportunity to meet with his counsel before his initial sentencing hearing.

These assertions are all dependent on matters outside the record of the resentencing issue on appeal. As such, we are unable to address these issues in this appeal. *McFarland*, 127 Wn.2d at 338. Accordingly, all of Trevino-Hernandez's SAG claims fail.

In conclusion, we strike the trial court's findings regarding Trevino-Hernandez's ability to pay LFOs and remand to the trial court for further proceedings consistent with this opinion.

---

[6] *Brady v Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

No. 50442-1-II

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

Worswick, P.J.

We concur:

Johanson, J.

Melnick, J.