IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36514-0-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ROCKY RHODES KIMBLE, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — Since 2012, Rocky Kimble has filed multiple motions seeking vacation or resentencing of his 2000 pleas of guilty. Either form of relief would result in his 30-year exceptional sentence, imposed without a jury's finding, to be nullified. In 2015, we made a final decision on the merits of the same issue he now raises. He argues collateral estoppel does not apply because we should have dismissed his personal restraint petition (PRP) on procedural grounds instead of deciding it on the merits. We disagree, apply collateral estoppel, and dismiss his latest PRP.

FACTS

In 1999, the State charged Rocky Kimble with one count of rape in the first degree and one count of burglary in the first degree. In 2000, Mr. Kimble pleaded guilty to the

amended charges of one count of rape in the first degree and one count of residential burglary.

In the signed plea agreement, Mr. Kimble's offender score was listed as "3" on both counts, based in part on a prior robbery conviction in Wisconsin. The State agreed to recommend a sentence of 160 months' imprisonment for the rape charge and a concurrent sentence of 17 months' imprisonment for the burglary charge. But judges are not bound by a sentencing recommendation. The sentencing court disagreed with the State's recommendation and entered an exceptional sentence of 360 months for the rape charge. Mr. Kimble appealed the exceptional sentence to this court. Our decision was final before *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), and we affirmed.

In April 2012, Mr. Kimble filed a motion to withdraw pleas of guilty in the superior court, arguing his offender score was miscalculated. Mr. Kimble based this argument on the contention his prior conviction for robbery in Wisconsin was not comparable to a Washington crime. The trial court found Mr. Kimble's offender score had been calculated correctly and concluded the motion was not timely filed and, additionally, Mr. Kimble had not made a showing he was entitled to relief. It then

transferred Mr. Kimble's motion to this court as a personal restraint petition. *See* CrR 7.8(c)(2). Mr. Kimble later abandoned his PRP, and we dismissed it.

In April 2015, Mr. Kimble filed a PRP with this court. He argued the PRP overcame the time bar because the judgment was facially invalid due to miscalculated offender scores of "3" for each crime. He claimed (1) he was entitled to withdraw his guilty plea as involuntary because the offender score errors resulted in his being misinformed as to the direct consequences of his plea, and (2) the miscalculated offender score was prejudicial error that required resentencing.

With respect to Mr. Kimble's first argument, we concluded that his claim of plea involuntariness did not fall within any RCW 10.73.100 exception to the one-year time bar. *See In re Pers. Restraint of Snively*, 180 Wn.2d 28, 32, 320 P.3d 1107 (2014) (petitioner's sole remedy in challenging facially invalid sentence is correction of sentence; claim of plea involuntariness due to misinformation about sentence is not an exempt ground for relief under RCW 10.73.100).

With respect to Mr. Kimble's second argument, we concluded his offender score was correctly calculated for his rape conviction. In reaching this conclusion, we determined the original sentencing court had inadvertently checked the "same criminal conduct" box on the sentencing form.

We did agree with Mr. Kimble that his offender score was incorrectly calculated for his burglary conviction. But because the lesser burglary sentence was concurrent with the rape sentence, we concluded Mr. Kimble was not harmed by the offender score error, and the defect did not result in a complete miscarriage of justice. For that reason, he was not entitled to relief. *In re Pers. Restraint of Finstad*, 177 Wn.2d 501, 506, 508, 301 P.3d 450 (2013). We dismissed Mr. Kimble's PRP because he was not entitled to relief under either of his two arguments.

Mr. Kimble petitioned the Washington Supreme Court for discretionary review of the second part of our order, where we denied his resentencing request because of a purported error in his offender score. A commissioner denied his request for discretionary review by a written ruling. In ruling, the commissioner wrote:

> Mr. Kimble is correct that the trial court apparently checked off the "same criminal conduct" box on the judgment and sentence. But the standard sentencing range specified in the plea agreement, *the plea colloquy*, and the judgment and sentence plainly reflected that the trial court counted the current offenses separately. The checked-off box was clearly a scrivener's error.

Clerk's Papers (CP) at 345 (emphasis added).

In November 2017, Mr. Kimble filed a second motion to withdraw pleas of guilty. In his 2017 motion, Mr. Kimble again argued he should be permitted to withdraw his guilty plea as involuntary because he was misinformed due to the miscalculated

residential burglary offender score.  The trial court transferred the CrR 7.8 motion to this

court to be considered as a PRP, and Mr. Kimble appealed the transfer.

Despite prior rulings by this court and the Supreme Court commissioner, the State

responded in its brief: "[T]he sentencing court determined that both current offenses

constituted the 'same criminal conduct,' . . . [so] Kimble's offender score should . . . [be]

reduced by one (1) point on both charges, and his standard sentencing ranges

recalculated."  CP at 293.

After the State filed its response brief, Mr. Kimble asked the court to withdraw his

PRP, and this court filed a certificate of finality on November 27, 2018.

In May 2018, Mr. Kimble filed a motion to vacate his pleas of guilty.  This motion

was based on the "concession that Mr. Kimble's offender score and presumptive standard

range sentences were, in fact, miscalculated . . . ."  CP at 271.  The trial court appointed

Mr. Kimble an attorney.  The State filed a response, again incorrectly stating Mr.

Kimble's scores were miscalculated, but contending he was not prejudiced by the

miscalculation.  At a hearing on the motion, Mr. Kimble's appointed attorney requested a

continuance, stating he had to review the transcript of the guilty pleas because he did not

"really believe Judge Baker even found anything to be the same course of criminal

conduct."  Report of Proceedings at 72.

5

Following this, Mr. Kimble moved to discharge his appointed counsel, arguing there was a conflict of interest and a breakdown in communication. He claimed the conflict arose from the counsel's admission at the hearing. The State then filed a motion to strike Mr. Kimble's motion to vacate, arguing it was barred by collateral estoppel.

The trial court held a hearing on December 10, 2018, to address all of the issues. At the hearing, Mr. Kimble's attorney was given a chance to address the motion to discharge and he explained his statements were based on his duty of candor to the court. The trial court did not rule on the motion to discharge counsel and, instead, ruled collateral estoppel applied in this case and denied the motion to vacate. Mr. Kimble objected, stating he could prove the offender scores were incorrect, but the trial court ruled this court and the Supreme Court had already ruled on that issue. Mr. Kimble did not object to the trial court's failing to rule on his motion to discharge counsel.

Mr. Kimble timely filed this appeal.

ANALYSIS

Mr. Kimble makes three arguments on appeal: (1) the trial court erred by failing to inquire into the asserted conflict of interest, (2) the State is judicially estopped from challenging its concession that his offender scores were incorrectly calculated, and (3) the

trial court erred by applying collateral estoppel. The third issue, if decided against Mr.

Kimble, would be dispositive. We, therefore, begin our analysis with that issue.

COLLATERAL ESTOPPEL

Mr. Kimble contends the trial court erred in determining he was collaterally

estopped from rearguing that his offender score was miscalculated. We disagree.

Whether a court is collaterally estopped from deciding an issue is a question of law

this court reviews de novo. *State v. Vasquez*, 109 Wn. App. 310, 314, 34 P.3d 1255

(2001), *aff'd*, 148 Wn.2d 303, 59 P.3d 648 (2002). To satisfy the well-settled test for

collateral estoppel, a party must show

> "(1) the issue decided in the prior adjudication is identical with the one
> presented in the second action; (2) the prior adjudication must have ended
> in a final judgment on the merits; (3) the party against whom the plea is
> asserted was a party or in privity with the party to the prior adjudication;
> and (4) application of the doctrine does not work an injustice."

*Id.* (internal quotation marks omitted) (quoting *Thompson v. Dep't of Licensing*,

138 Wn.2d 783, 790, 982 P.2d 601 (1999)).

Mr. Kimble challenges the first and second factors. Under those factors, the

court considers whether the issue was actually litigated and necessarily and finally

determined in the prior proceeding. *Christensen v. Grant County Hosp. Dist. No.*

*1*, 152 Wn.2d 299, 307, 96 P.3d 957 (2004). In evaluating whether there is a final

judgment on the merits, courts must consider whether the claim was properly resolved on the merits as opposed to procedural grounds. *Ullery v. Fulleton*, 162 Wn. App. 596, 604-07, 256 P.3d 406 (2011).

Mr. Kimble contends our prior determination, that his offender score of "3" for rape, was not a final decision on the merits because his entire 2015 PRP "should have been" dismissed on procedural grounds. Appellant's Br. at 20. In support of his argument that his entire 2015 PRP should have been procedurally dismissed, he cites *In re Personal Restraint of Hankerson*, 149 Wn.2d 695, 702, 72 P.3d 703 (2003). We agree, his entire 2015 PRP should have been procedurally dismissed once we determined that his first argument was time barred.

But simply because we should have dismissed Mr. Kimble's entire 2015 PRP on procedural grounds, does not mean collateral estoppel applies. This point is understood by examining *Ullery*.

In *Ullery*, the trial court dismissed an earlier action between the parties, having determined Mr. Fulleton lacked standing and additionally determining that he had failed to perform a reclamation agreement. 162 Wn. App. at 600. Thereafter, the Ullerys filed an ejectment proceeding against the Fulletons. *Id.* The Fulletons defended and counterclaimed on the basis that the reclamation

8

agreement had been performed. *Id.* The trial court, applying collateral estoppel to the issue of performance, ruled in favor of the Ullerys. *Id.* at 602.

In reversing, we explained the Fulletons' defense and counterclaim were not barred by collateral estoppel because the earlier claim brought by Mr. Fulleton did not result in a judgment on the merits. *See generally*, *id.* at 603-07. Citing various authorities, we held that when a trial court dismisses a case on procedural grounds such as lack of standing, any additional substantive basis for dismissal does not have preclusive effect. *Id.* at 605-06. In buttressing this holding, we agreed with the comment e of the *Restatement (Second) of Judgments* § 20 (1982). The comment author explained: A gratuitous analysis of a substantive issue might not be as carefully and rigorously analyzed and, of critical importance, the losing party—having failed on a procedural ground—would not have an incentive to appeal the substantive issue. *Ullery*, 162 Wn. App. at 606.

That is not the case here. We did not dismiss Mr. Kimble's 2015 PRP on procedural grounds and then gratuitously analyze the merits. Rather, we dismissed his first argument on procedural timeliness grounds and then addressed the merits of his second and independent argument. Because we did not dismiss his entire 2015 PRP on procedural grounds, we carefully analyzed his second argument.

9

Had we dismissed Mr. Kimble's entire 2015 PRP on procedural grounds, he would not have had an incentive to petition the Supreme Court for review. But we did not, and Mr. Kimble did petition the Supreme Court to review the merits of his offender score argument. The Supreme Court commissioner then analyzed the merits of his offender score argument and agreed with us, the checked box "was clearly a scrivener's error."[1] CP at 345.

We conclude there was a final judgment on the merits with respect to Mr. Kimble's offender scores. For this reason, collateral estoppel bars relitigation of his current PRP claim, and we dismiss it.

---

[1] Mr. Kimble argues we erred in 2015 by determining the sentencing judge inadvertently checked the "same criminal conduct" box. He argues we should order a reference hearing so the judge who conducted the plea and sentence 15 years ago could enter findings on that issue. We disagree for two reasons. First, the Supreme Court Commissioner reviewed the recorded colloquy and found no evidence the trial court intended to check the "same criminal conduct" box. Second, we find it inconceivable that the same judge who handed down an exceptional sentence more than twice the maximum standard range would also use its discretion to grant Mr. Kimble a lesser offender score by purposefully checking the "same criminal conduct" box.

10

No. 36514-0-III
*State v. Kimble*

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Lawrence-Berrey, C.J.

WE CONCUR:

_____       _____
Siddoway, J.                                                    Pennell, J.

11