**FILE**

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON

SEPTEMBER 25, 2025

CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
SEPTEMBER 25, 2025

SARAH R. PENDLETON
SUPREME COURT CLERK

### IN THE SUPREME COURT OF THE STATE OF WASHINGTON

|  |  |
|---|---|
| In the Matter of the Personal Restraint<br><br>of JOHN H. SCHOENHALS,<br><br>                              Petitioner. | No. 103672-8<br><br>En Banc<br><br>Filed: September 25, 2025 |

PER CURIAM[1] — In 1986, John H. Schoenhals received a mandatory sentence of life in prison without the possibility of parole (LWOP). In the opinions that follow, the court unanimously holds that Schoenhals' personal restraint petition (PRP) is timely and should be granted because his 1986 mandatory LWOP sentence for aggravated first degree murder committed at age 20 is unconstitutional. However, the opinions differ in their reasoning.

In the lead opinion, four justices—Whitener, J., González, J., Montoya-Lewis, J., and Mungia, J.— reason as follows: (1) This court's decision in *In re Personal Restraint of Monschke*, 197 Wn.2d 305, 482 P.3d 276 (2021) (plurality decision), announced a new substantive constitutional rule that meets the "significant change in the law" retroactive exemption to the one-year time bar on collateral relief

---

[1] This court may issue a per curiam opinion summarizing the votes of the justices in a plurality decision, preceding the lead opinion. Wash. Sup. Ct. Internal R. II-8(B).

1

contained in RCW 10.73.100(7). (2) A *Monschke* violation per se satisfies an actual and substantial prejudice requirement. (3) A personal restraint petitioner can establish actual and substantial prejudice by a preponderance of the evidence if they can show that *Monschke* is material to their sentence.

In a concurring opinion, four justices—Madsen, J., Stephens, C.J., Johnson, J., and Yu, J.— reason as follows: (1) Based on *State v. Carter*, 3 Wn.3d 198, 548 P.3d 935 (2024), Schoenhals' judgment and sentence is facially invalid and thus exempt from the time bar under RCW 10.73.090(1). (2) It is therefore unnecessary to analyze whether *Monschke* constitutes a significant change in the law under RCW 10.73.100(7) and what a petitioner must show to demonstrate actual and substantial prejudice.

In a separate concurring opinion, Gordon McCloud, J., agrees with aspects of the analysis in both the lead opinion by Whitener, J., and the concurring opinion by Madsen, J., that Schoenhals' sentence is exempt from the time bar for collateral attacks and that his sentence is unconstitutional.

The PRP is granted, and the case is remanded to the trial court for a new sentencing hearing.

2

FILE

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON

SEPTEMBER 25, 2025

*Signature*
CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
SEPTEMBER 25, 2025

*Signature*
SARAH R. PENDLETON
SUPREME COURT CLERK

**IN THE SUPREME COURT OF THE STATE OF WASHINGTON**

| | |
|---|---|
| In the Matter of the Personal Restraint of | No. 103672-8 |
| JOHN H. SCHOENHALS, | En Banc |
| Petitioner. | |
| | Filed: September 25, 2025 |

WHITENER, J. – In 1986, John H. Schoenhals received a mandatory life without parole (LWOP) sentence for aggravated first degree murder he committed when he was 20 years old. In 2021, we held that defendants convicted of aggravated first degree murder who were 18 to 20 years old at the time of the offense and sentenced to mandatory LWOP are entitled to resentencing, where the sentencing court must consider mitigating evidence of the defendant's youth. *In re Pers. Restraint of Monschke*, 197 Wn.2d 305, 306-07, 326, 482 P.3d 276 (2021) (plurality opinion). Schoenhals argues that *Monschke* constitutes a "significant change in the law" exception to the one-year time bar for collateral relief under RCW 10.73.100(7). We agree.

We grant Schoenhals' personal restraint petition (PRP) and remand to the trial court for a new sentencing hearing. Under *Monschke*, Schoenhals' LWOP sentence is unconstitutional because the original sentencing court did not have discretion to consider the mitigating qualities of Schoenhals' youth when it imposed a mandatory LWOP sentence for aggravated murder committed when he was 20 years old.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

I.      Factual Background

John Schoenhals was 20 years old in 1985 when he burglarized the home of the Wallace family. During the burglary, he stole firearms and other items in the home, and fatally stabbed Mark Wallace, a 14-year-old boy. In 1986, a jury convicted Schoenhals of aggravated first degree murder. RCW 10.95.020. At the time of Schoenhals' sentencing, LWOP was the mandatory sentence required under the law. RCW 10.95.030(1).[1] When he imposed the mandatory sentence, the original sentencing judge stated that "[t]he law as written gives the Court no alternative, and I hereby sentence the defendant Mr. John Schoenhals to life imprisonment without possibility of parole." Pet'r Schoenhals' Suppl. Br. at 21-22 (alteration in original). Schoenhals has been incarcerated for 40 years.

---

[1] RCW 10.95.030(1) has been amended since Schoenhals' conviction in 1986. Because these amendments do not impact the statutory language relied on by this court, we refer to the current version of the statute.

II.     Procedural History

In 1986, a sentencing court imposed on Schoenhals the statutorily mandated LWOP sentence. The Court of Appeals affirmed Schoenhals' conviction and LWOP sentence. The mandate was issued on December 7, 1988.

In March 2023, Schoenhals filed a motion for resentencing in King County Superior Court based on this court's decision in *Monschke*. 197 Wn.2d at 306, 326. He argued that his motion was exempt from the one-year time limit on collateral relief because his sentence is unconstitutional and because there had been a significant change in the law. RCW 10.73.100(2), (7). The superior court transferred the motion to Division One of the Court of Appeals for treatment as a PRP pursuant to CrR 7.8(c)(2). The Court of Appeals issued an order certifying the PRP to this court for direct consideration pursuant to RCW 2.06.030(d), and we accepted review on the merits.

ISSUES

1. Is *Monschke* a "significant change in the law" under the exemption to the one-year time bar for collateral relief under RCW 10.73.100(7)?

2. What must *Monschke* petitioners show to demonstrate they were actually and substantially prejudiced in order to obtain collateral relief?

3

ANALYSIS

I.  *Monschke* represents a "significant change in the law" under the one-
   year time bar for collateral relief under RCW 10.73.100(7)

Appellate courts are generally barred from considering PRPs one year after a criminal judgment becomes final, unless the petition is based on one of the enumerated statutory exemptions in RCW 10.73.100. *In re Pers. Restraint of Bonds*, 165 Wn.2d 135, 139-40, 196 P.3d 672 (2008) (plurality opinion); RCW 10.73.090, .100. The one-year time bar for collateral relief is exempted when a petition is based on a significant change in the law. RCW 10.73.100(7). To obtain relief, a petitioner must show (1) a significant change in the law (2) that is material and (3) that applies retroactively. *In re Pers. Restraint of Kennedy*, 200 Wn.2d 1, 21, 513 P.3d 769 (2022); *see also In re Pers. Restraint of Colbert*, 186 Wn.2d 614, 619, 380 P.3d 504 (2016). There is no requirement in statute or case law that these three elements must be considered in a specific order. *In re Pers. Restraint of Light-Roth*, 191 Wn.2d 328, 333, 422 P.3d 444 (2018).

RCW 10.73.100(7) states that the time bar does not apply if

[t]here has been a significant change in the law, whether substantive or procedural, which is material to the conviction, sentence, or other order

4

entered in a criminal or civil proceeding instituted by the state or local government, and either the legislature has expressly provided that the change in the law is to be applied retroactively, or a court, in interpreting a change in the law that lacks express legislative intent regarding retroactive application, determines that sufficient reasons exist to require retroactive application of the changed legal standard.

The State contends that Schoenhals' petition should be dismissed because it is time barred. Schoenhals disagrees and argues that *Monschke* constitutes a "significant change in the law" exemption to the one-year time bar. RCW 10.73.100(7).

1. *Monschke* represents a "significant change in the law"

A "significant change in the law" occurs "when an intervening appellate decision overturns a prior appellate decision that was determinative of a material issue." *State v. Miller*, 185 Wn.2d 111, 114, 371 P.3d 528 (2016). An "intervening appellate decision that 'settles a point of law without overturning prior precedent' or 'simply applies settled law to new facts' does not constitute a significant change in the law." *Id*. at 114-15 (quoting *In re Pers. Restraint of Turay*, 150 Wn.2d 71, 83, 74 P.3d 1194 (2003)). A "significant change in the law" is likely to have occurred if the defendant was unable to argue the issue in question before publication of the intervening decision. *Id*. at 115; *see also Light-Roth*, 191 Wn.2d at 333-34.

*Monschke* did not overturn a prior appellate decision that was determinative of a material issue. 197 Wn.2d at 326 n.17 (stating that this court does not overturn *State v. Grisby*, 97 Wn.2d 493, 497, 647 P.2d 6 (1982), which held that a "particularized consideration" of individual circumstances is not required for an LWOP sentence for most criminal defendants). However, *Monschke* did more than just apply existing law to new facts. *Monschke*'s significance lies in the fact that it interpreted RCW 10.95.030(1) for the first time in light of the Washington Constitution's prohibition on cruel punishment and the "individualized sentencing" approach espoused in *Miller v. Alabama*. 197 Wn.2d at 329; WASH. CONST. art. I, § 14; *Miller*, 567 U.S. 460, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012).

Prior to *Monschke*, a sentencing court had no discretion in imposing a sentence other than LWOP under RCW 10.95.030, and it was not required to consider evidence of youth if the offender committed the offense between the ages of 18 and 20 years old. After *Monschke*, defendants convicted of aggravated first degree murder, aged 18 to 20 years old at the time of the offense, and sentenced to mandatory LWOP sentences are entitled to resentencing, where the sentencing court must consider mitigating evidence regarding the defendant's youth. 197 Wn.2d at 325-29 (Gordon McCloud, J., lead opinion), 329 (González, C.J., concurring). In *State v. Carter*, a majority of this court embraced *Monschke*'s roots in our state

6

constitution's prohibition on cruel punishment. 3 Wn.3d 198, 211, 219, 548 P.3d 935 (2024); WASH. CONST. art. I, § 14. *Carter* also severed the mandatory language in the sentencing statute, RCW 10.95.030, and replaced it with permissive language so that the statute would read that any person convicted of the crime of aggravated first degree murder *may* be sentenced to life imprisonment. *Id*. at 219. In a nutshell, a mandatory LWOP sentence for a 20-year-old offender convicted of aggravated first degree murder, absent consideration of the mitigating factors of youth in sentencing, is an unconstitutional sentence. *Monschke*, 197 Wn.2d at 329; *Carter*, 3 Wn.3d at 231-32.

Schoenhals was 20 years old when he committed aggravated murder. He was then sentenced to LWOP without consideration of his youth. His original sentencing judge accurately stated on the record that he had no alternative but to apply an LWOP sentence. Pet'r Schoenhals' Suppl. Br. at 21-22. Prior to *Monschke*, even if a sentencing judge sua sponte discussed the defendant's youth in sentencing, that court had no discretionary authority to impose any sentence other than an LWOP sentence. In addition, that court was not *required* to consider evidence of the offender's youth as is required post-*Monschke*.

The State contends that *Monschke* cannot constitute a significant change in the law because it failed to announce binding law both on the merits of the

petitioner's claim and on the timeliness issue. This argument ignores that *Monschke* held, with five votes, that mandatory LWOP sentences under RCW 10.95.030 are unconstitutional when applied to 18- to 20-year-old offenders because they fail to allow for consideration of youth, in violation of our constitution's prohibition on cruel punishment. 197 Wn.2d at 306-07, 326 (Gordon McCloud, J., lead opinion), 329 (González, C.J., concurring) (stating that "I concur with the lead opinion that the petitioners are entitled to a new sentencing hearing to determine whether their ages at the time of their crimes are a mitigating factor justifying a downward departure from the standard sentence."). Additionally, *Monschke*'s holding was reaffirmed by a majority of this court in *Carter*. 3 Wn.3d at 205-11. Even if the State was correct that *Monschke* did not announce binding law on the issue of whether Schoenhals' sentence is unconstitutional or not, this argument following *State v. Carter* is meritless.

In *Monschke*, this court was fractured on the timeliness issue. As a result, *Monschke*'s lead opinion did not announce binding law on the timeliness issue for collateral relief. *State v. Patton*, 167 Wn.2d 379, 391, 219 P.3d 651 (2009) (stating that where no majority is reached, the holding of the court is the position taken by those concurring on the narrowest grounds); *Monschke*, 197 Wn.2d at 309-11 (Gordon McCloud, J., lead opinion), 329 (González, C.J., concurring), 334-35

8

(Owens, J., dissenting) (four justices agreed in the lead opinion that the RCW 10.73.100(2) exemption to the time bar applied, one justice in concurrence said that former RCW 10.73.100(6) (1989) (now RCW 10.73.100(7)[2]) applied, and four justices in dissent disagreed that RCW 10.73.100(2) applied). *Carter* did not resolve the timeliness issue that fractured this court in *Monschke*, and *Carter* did not announce a clear holding as to which exemptions *Monschke* petitioners may use to overcome the one-year time bar for collateral relief. 3 Wn.3d at 225. It is inapposite whether this court announced binding law on the timeliness of Schoenhals' PRP. The relevant inquiry here is whether we announced binding law on the merits of Schoenhals' petition, in other words, whether his sentence is constitutional. A question we answered affirmatively. We held that sentences such as Schoenhals' are unconstitutional. *Monschke*, 197 Wn.2d at 326.

The State argues that *Monschke* is not a significant change in the law by challenging *Monschke*'s and *Carter*'s discussion of the developmental characteristics of juveniles and young adults. Suppl. Br. of Resp't at 23-27. We need not revisit the merits of our reasoning, which has already been adopted by a majority of this court. *Monschke*, 197 Wn.2d at 306, 321-25; *Carter*, 3 Wn.3d at 205-11.

---

[2] LAWS OF 2024, ch. 118, § 8.

*Monschke* constitutes a significant change in the law because in Schoenhals' original sentencing hearing he could not have argued that the court was required to exercise discretion in his sentencing nor could he have argued that the court was required to consider evidence of his youthfulness in sentencing.

2.  *Monschke* is material to Schoenhals' sentence

To grant relief to Schoenhals, *Monschke* must be "'determinative of a material issue'" at his sentencing. *Kennedy*, 200 Wn.2d at 21 (quoting *Miller*, 185 Wn.2d at 114). Schoenhals at the age of 20 years old committed the crime of aggravated first degree murder. He was convicted and was sentenced to a mandatory LWOP sentence. Under *Monschke* and *Carter*, Schoenhals' sentence is unconstitutional. *Carter*, 3 Wn.3d at 217. At a new sentencing hearing, the court must follow *Monschke*: it would be *required* to consider evidence of the mitigating qualities of Schoenhals' youth and it would be *required* to have discretionary authority in sentencing. *In re Pers. Restraint of Ali*, 196 Wn.2d 220, 235, 474 P.3d 507 (2020) (finding that a case was material to petitioner's sentence because it would have allowed the sentencing judge discretion in applying the weapon enhancements concurrently or to consider the petitioner's youth). *Monschke* is material to Schoenhals' sentence because his original sentencing judge was barred from considering mitigating evidence of youth.

The State argues that *Monschke* cannot be material to Schoenhals' sentence because Schoenhals denied killing Mark Wallace. The State argues that based on Schoenhals' defense theory, the sentencing court has no basis to consider whether Schoenhals' youth was a mitigating factor in the aggravated murder. Suppl. Br. of Resp't at 22. This position is unpersuasive. As discussed in *Carter*, sentencing courts applying *Monschke* consider many different factors in determining the impact of the offender's youth, and they are permitted discretion when considering evidence of rehabilitation. 3 Wn.3d at 220-24 (citing *State v. Ramos*, 187 Wn.2d 420, 387 P.3d 650 (2017)).

The State also cites *Kennedy*, 200 Wn.2d at 4-5, for authority that *Monschke* is not material to Schoenhals' PRP. We rejected a similar argument by the State in *Carter*. 3 Wn.3d at 205-11. We repeat our reasoning here. In *Kennedy*, *Monschke* was immaterial to the petitioner's case because that petitioner was never subject to a mandatory LWOP sentence. 200 Wn.2d at 5. By contrast, Schoenhals is presently serving a mandatory LWOP sentence for the conviction of aggravated first degree murder, which he committed when he was 20 years old. Schoenhals' sentencing judge had no discretion to impose any other sentence than LWOP. *Monschke* is determinative to a material issue in Schoenhals' sentence because it renders his

sentence unconstitutional and because it allows the court to consider mitigating evidence of youth in sentencing, something it did not and could not do before.

### 3. *Monschke* applies retroactively to Schoenhals' sentence

Another factor in the significant change in the law test is whether the change in the law applies retroactively. *Id*. at 21. Washington courts follow the test set out in *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989) (partial plurality opinion), *overruled by Edwards v. Vannoy*, 593 U.S. 255, 141 S. Ct. 1549, 209 L. Ed. 2d 651 (2021), to determine whether a rule applies retroactively. *Colbert*, 186 Wn.2d at 623-26. Under *Teague*, a new rule applies retroactively on collateral review only if it is a new substantive rule of constitutional law or a watershed rule of criminal procedure.[3] *Id*. Here, *Monschke* announced (a) a new rule (b) of constitutional magnitude (c) that is substantive. *Monschke* applies retroactively.

---

[3] Even if we were to find that *Monschke* is a procedural rule, *Teague* does not prevent us from concluding that *Monschke* can apply retroactively. *Teague* provides the floor for when a new criminal procedure must be applied retroactively. States are free to adopt their own broader test for requiring the retroactive application of a new federal or state constitutional rule. *Danforth v. Minnesota*, 552 U.S. 264, 280-81, 128 S. Ct. 1029, 169 L. Ed. 2d 859 (2008) ("[T]he Teague rule of nonretroactivity was fashioned to achieve the goals of federal habeas while minimizing federal intrusion into state criminal proceedings. It was intended to limit the authority of federal courts to overturn state convictions—not to limit a state court's authority to grant relief for violations of new rules of constitutional law when reviewing its own [s]tate's convictions."). Other state supreme courts, including those of Connecticut, Wyoming, and Idaho, have recognized the same. *See, e.g.*, *Casiano v. Comm'r of Corr.*, 317 Conn. 52, 115 A.3d 1031 (2015); *State v. Mares*, 2014 WY 126, 335 P.3d 487 (2014); *Rhoades v. State*, 149 Idaho 130, 139, 233 P.3d 61 (2010).

a. *Monschke* is a new rule

Whether a rule is "new" under *Teague* is a distinct inquiry from whether there has been a significant change in the law. *In re Pers. Restraint of Yung-Cheng Tsai*, 183 Wn.2d 91, 103-05, 351 P.3d 138 (2015). A new rule is one that breaks new ground or imposes a new obligation, or "'if the result was not dictated by precedent existing at the time the defendant's conviction became final.'" *Id*. at 104 (emphasis and internal quotation marks omitted) (quoting *State v. Evans*, 154 Wn.2d 438, 444, 114 P.3d 627 (2005)). "If before the opinion is announced, reasonable jurists could disagree on the rule of law, the rule is new." *Evans*, 154 Wn.2d at 444. *Monschke* imposed a new obligation on sentencing courts applying RCW 10.95.030 for offenders aged 18 to 20 years old. Sentencing courts are now required to exercise discretion in sentencing after considering mitigating evidence of the offender's youth. *Monschke*, 197 Wn.2d at 306, 321-25. This is a new obligation imposed on sentencing courts that did not exist when Schoenhals' conviction became final. Thus, *Monschke* announced a new rule.

b. *Monschke*'s new rule is of constitutional magnitude

*Monschke* is rooted in our state constitution's prohibition on cruel punishment. 197 Wn.2d at 326; *Carter*, 3 Wn.3d at 219. *Monschke* also explained that its decision followed in the progeny of *Miller*'s "individualized sentencing"

13

principle. 197 Wn.2d at 327-28 (reasoning that "we repeat the *Miller* approach today" and that the decision "'flow[ed] straightforwardly'" from "'the principle of *Roper*, *Graham*, and our individualized sentencing cases that youth matters for purposes of meting out the law's most serious punishments.'" (emphasis omitted) (alteration in original) (quoting *Miller*, 567 U.S. at 483)). *Miller* held that mandatory LWOP for defendants under 18 years old violates the Eighth Amendment of the federal constitution. Similarly, *Monschke* prohibits a category of mandatory punishment (mandatory LWOP) for a class of defendants (defendants aged 18 to 20 years old at the time of the offense) convicted of aggravated first degree murder under our state constitution's prohibition on cruel punishment. *Id*. Courts applying *Monschke* now protect these defendants' constitutional right to be free from "cruel punishment" by recognizing the defendant's youthfulness and allowing sentencing courts to exercise discretion in sentencing. *Id*. at 311-12. In *Carter*, we reaffirmed *Monschke*'s state constitutional prohibition against cruel punishment. 3 Wn.3d at 205. *Monschke* announced a new rule firmly rooted in our state constitution.

c. *Monschke* announced a substantive rule

"'Substantive rules ... set forth categorical constitutional guarantees that place certain criminal laws and punishments altogether beyond the State's power to impose'" and include "'rules prohibiting a certain category of punishment for a class

of defendants because of their status or offense.'" *Ali*, 196 Wn.2d at 237 (alteration in original) (internal quotation marks omitted) (quoting *Montgomery v. Louisiana*, 577 U.S. 190, 201, 198, 136 S. Ct. 718, 193 L. Ed. 2d 599 (2016)). "Procedural rules, in contrast, are designed to enhance the accuracy of a conviction or sentence by regulating 'the manner of determining the defendant's culpability.'" *Montgomery*, 577 U.S. at 201 (emphasis omitted) (quoting *Schriro v. Summerlin*, 542 U.S. 348, 353, 124 S. Ct. 2519, 159 L. Ed. 2d 442 (2004)).

Washington State's constitutional prohibition on cruel punishment is violated when a mandatory LWOP sentence is imposed under RCW 10.95.030 for offenders aged 18 to 20 years old, without consideration of the offender's youth. *Monschke*, 197 Wn.2d at 311-12. This court announced a substantive rule that requires sentencing courts, before imposing an LWOP on a class of defendants under RCW 10.95.030, to consider mitigating evidence of the offender's youth. *Id*. The substantive nature of this rule stems from the requirement of individualized sentencing, which ensures that punishment is proportional to culpability and therefore consistent with our state's prohibition on cruel punishment. *Carter*, 3 Wn.3d at 219-20 (discussing how the "promise of individualized discretion cannot be illusory" and how individualized sentencing is central to ensuring mandatory LWOP as applied to a subset of 18- to 20-year-old defendants is not "cruel

15

punishment"); *see also State v. Finch*, 137 Wn.2d 792, 975 P.2d 967 (1999) (plurality opinion) (recognizing the importance of individualized sentencing in ensuring that death penalty sentences do not violate the Eighth Amendment).

The State asserts that because *Monschke* contains a procedural requirement, it must mean that it is a nonretroactive procedural rule. Schoenhals disagrees and argues that *Monschke*'s substantive rule must have retroactive effect because the rule mirrors *Miller*'s substantive rule, which under *Montgomery* has retroactive effect. Pet'r Schoenhals' Suppl. Br. at 6-8; *see also Montgomery*, 577 U.S. at 208-09 (reasoning that a procedural requirement to consider youth does not transform the substantive rule into a procedural one). Schoenhals argues that just as *Miller* held that a particular sentence applied to a class of defendants is "cruel and unusual" punishment under the federal constitution's Eighth Amendment, *Monschke* similarly held that a category of punishment to a class of defendants is cruel punishment under our state constitution. Pet'r Schoenhals' Suppl. Br. at 7. Schoenhals is partially correct; *Monschke* and *Miller* share a similar logic. However, in our state, the class of offenders *Monschke* applies to exceeds the holding of *Miller*.

We now hold that *Monschke* is a substantive rule with retroactive effect. Under RCW 10.95.030, *Monschke* requires courts to consider the youth of an offender aged 18 to 20 years old before imposing an LWOP sentence. The rule does

not prevent courts from imposing a sentence of LWOP. However, it does prevent courts from automatically imposing LWOP sentences to offenders between the ages of 18 and 20 years old without first meaningfully considering the offender's youth. Thus, the substantive nature of this rule stems from its call for individualized sentencing for a select class of defendants. This ensures that sentences of LWOP on that class of defendants are consistent with the prohibition against cruel punishment. The fact that a sentencing court may reimpose an LWOP sentence after a resentencing hearing where the court meaningfully consider mitigating evidence of youth does not render *Monschke* a procedural rule. *Montgomery*, 577 U.S. at 208-09. Individualized sentencing is what guarantees the constitutionality of imposing an LWOP sentence under RCW 10.95.030 to a select group of offenders. *Monschke*, 197 Wn.2d at 327-28 (holding that our decision relies on the "individualized sentencing" principle espoused in *Miller* and our state constitution's prohibition on cruel punishment); WASH. CONST. art. I, § 14. Automatically imposing an LWOP sentence on an offender between the ages of 18 and 20 years old without consideration of the offender's youth is different from sentencing that same offender to LWOP after consideration of the mitigating evidence of their youth, even where the result is the same. Justice requires meaningful consideration of the character and record of the individualized offender as a constitutionally indispensable part of the

process of inflicting certain penalties such as the death penalty, so, too, is consideration of the offender's youth before sentencing them to cruel LWOP sentences. *Woodson v. North Carolina*, 428 U.S. 280, 304, 96 S. Ct. 2978, 49 L. Ed. 2d 944 (1976) (plurality opinion) (imposing the death penalty without individualized sentencing considerations violates the Eighth Amendment). *Monschke* held that there was an "unacceptable risk" that youthful defendants will receive a cruel LWOP sentence under the statute's rigid cutoff age at 18 and its mandatory language. 197 Wn.2d at 325. It is individualized sentencing that alleviates this risk by ensuring that LWOP sentences served under RCW 10.95.030 are not cruel punishment.

The State contends that *Monschke* petitioners, in order to qualify for relief, must show there was a "substantive error" in their sentencing. In other words, the State wants petitioners to prove that their LWOP sentences were a "constitutionally disproportionate punishment." Suppl. Br. of Resp't at 15. Simply showing only a procedural rule violation, the State argues, cannot be a basis for retroactive relief. *Id*. The State finds authority for this argument in a line of cases relying on this court's decision in *State v. Houston-Sconiers*, 188 Wn.2d 1, 391 P.3d 409 (2017). According to the State, "[j]ust like the rule of *Houston-Sconiers*, retroactive resentencing is precluded unless Schoenhals can show a substantive error (constitutionally disproportionate punishment)." Suppl. Br. of Resp't at 15. We previously clarified

18

that *Houston-Sconiers* procedural violations alone are not independently reviewable in an untimely collateral attack. *In re Pers. Restraint of Hinton*, 1 Wn.3d 317, 330-31, 525 P.3d 156 (2023) (holding that *Houston-Sconiers'* substantive rule applies retroactively but not its procedural rule).

We reject the State's argument as it rests on a false equivalence between *Monschke* class members and petitioners who seek relief for disproportionate sentences under *Houston-Sconiers*. *Monschke* personal restraint petitioners are different from *Houston-Sconiers* personal restraint petitioners. The nature of the substantive errors in both PRPs are different. *Houston-Sconiers* held that the Eighth Amendment requires sentencing courts to exercise discretion in order to protect children from disproportionate punishment. *Ali*, 196 Wn.2d at 237 (explaining that *Houston-Sconiers'* substantive rule was based on *Miller* and its progeny and the Eighth Amendment to the federal constitution). If no disproportionate sentence is imposed, then there is no substantive rule violation. The Eighth Amendment is violated only when a juvenile who possesses diminished culpability is mandatorily sentenced to an adult standard range or enhancement. *In re Pers. Restraint of Forcha-Williams*, 200 Wn.2d 581, 588-89, 520 P.3d 939 (2022). *Houston-Sconiers'* separation between substantive errors (disproportionate sentences) and procedural errors (failure by the trial court to consider mitigating evidence of youth) cannot be

meaningfully transposed to *Monschke* PRPs. In *Houston-Sconiers* PRPs, there exists the possibility that a petitioner suffered a procedural error (the court failed to consider mitigating evidence of youth), but not a substantive error (the court did not choose an adult standard range sentence). The same is not true for *Monschke* PRPs, where under RCW 10.95.030 the trial court was statutorily mandated to sentence the petitioner to one sentence: LWOP.

The State further argues that because *Monschke* announced only a procedural rule, petitioners must prove by a preponderance of evidence that their sentences would have been shorter if the judge had discretion to consider mitigating evidence of youth. *In re Pers. Restraint of Meippen*, 193 Wn.2d 310, 316, 440 P.3d 978 (2019). In *Meippen*, we held that a petitioner alleging a procedural *Houston-Sconiers'* violation must also prove "by a preponderance of the evidence that his sentence would have been shorter" if the sentencing judge had complied with *Houston-Sconiers'* dual mandates. *Id*. at 312. Later, in *Forcha-Williams*, this court held that "together, *Meippen*, *Ali*, and *Domingo-Cornelio* show us there are numerous factors to consider in determining whether a *Houston-Sconiers* error is prejudicial: whether the judge was presented with and considered the mitigating qualities of the offender's youth; whether the judge understood their discretion, where the imposed sentence falls within the standard range; and whether the judge

articulated that they would have imposed a lower sentence if they could." 200 Wn.2d at 604. The automatic nature of an LWOP sentence for *Monschke* petitioners precluded the original sentencing court from exercising *any* discretion or considering *any* mitigating evidence of youth at sentencing. RCW 10.95.030. It would be illogical to require these petitioners to prove by a preponderance of the evidence that the original sentencing court would have lowered the offender's sentence if they had the chance to consider mitigating evidence of youth. The original sentencing court had *no* discretion in sentencing under RCW 10.95.030.

II. *Monschke* is a substantive rule with retroactive effect. What must *Monschke* petitioners show to demonstrate they were actually and substantially prejudiced?

In order to obtain collateral relief, Schoenhals must show by a preponderance of the evidence that he was actually and substantially prejudiced by the error in sentencing and that there are no other adequate remedies available in order to obtain relief. RAP 16.4(d); *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 671-72, 101 P.3d 1 (2004). To show constitutional error by a preponderance of the evidence, *Monschke* petitioners can show that no judge has exercised discretion in sentencing them under the aggravated murder statute. In other words, if a petitioner can show

that *Monschke* is material to their sentence, then they can show they were actually and substantially prejudiced by their mandatory LWOP sentence.

The State argues that in order to show actual and substantial prejudice, *Monschke* petitioners, like petitioners alleging a *Houston-Sconiers* violation, must show that the trial court would have imposed a lesser sentence than an LWOP sentence. Suppl. Br. of Resp't at 37; *Forcha-Williams*, 200 Wn.2d at 599-601 (holding that we required more than a mere possibility that the trial court would have departed from the Sentencing Reform Act of 1981 (SRA), ch. 9.94A RCW, in light of *Houston-Sconiers*). In *Forcha-Williams*, this court held that in determining whether a trial court would have departed from the SRA in light of *Houston-Sconiers*, we look at whether the judge was presented with and considered the mitigating qualities of the offender's youth, whether the judge understood their discretion to impose a sentence below what the SRA mandates, whether the sentence imposed falls within the standard range, and whether the judge articulated that they would have imposed a lower sentence if they could. 200 Wn.2d at 604. The error in the State's argument here is that none of these considerations are applicable to *Monschke* petitions and imposing such a requirement on *Monschke* petitioners ignores the mandatory and automatic nature of RCW 10.95.030. *Monschke*, 197 Wn.2d at 309 n. 4. In *Monschke* petitions, the sentencing judge had authority to

22

impose only one type of sentence, a LWOP sentence. It is nonsensical to require a review of the sentencing court record to ascertain how the judge would have considered the offender's youth when they were not required to; or whether the sentencing judge understood their discretion, when they had no discretion; or whether they imposed a sentence within the standard range, where an LWOP was the only sentence authorized for the offense. *Monschke* petitioners did not have the benefit of *Monschke*'s ruling at the time of their sentencing. The arguments that Schoenhals can now raise were not legally tenable at the time of his original sentencing, and the sentencing court had no authority to depart from the statutorily mandated sentence.

Simply put, the distinction between *Houston-Sconiers* petitioners and *Monschke* petitioners lies in the fact that *Houston-Sconiers* violations are not always prejudicial, as those petitioners may have been subjected to procedural errors but not substantive errors, whereas *Monschke* violations are per se prejudicial. *Monschke* petitioners should not be required to show the impossible, that the original sentencing judge would have lowered their sentences had they had the ability to exercise discretion and consider mitigating evidence of the offender's youth. *Monschke* petitioners show that they were actually and substantially prejudiced by showing that *Monschke* is material to their sentence.

23

CONCLUSION

*Monschke*, as affirmed in *Carter*, announced a new substantive constitutional rule that meets the significant change in the law exemption to the one-year time bar for collateral relief. RCW 10.73.100(7). In addition, actual and substantial prejudice can be established by a preponderance of the evidence for a *Monschke* petitioner who can show that *Monschke* is material to their sentence. We grant Schoenhals' PRP and remand to the trial court for a new sentencing hearing.

_____
Whitener, J.

WE CONCUR.

_____                 _____

_____                 _____
                                                  Montoya-Lewis, J.

_____                 _____
González, J.                                      Mungia, J.

24

*In re Pers. Restraint of Schoenhals (John H.)*

No. 103672-8

MADSEN, J. (concurring)—John H. Schoenhals was convicted of aggravated first degree murder, a crime he committed when he was 20 years old.  He received a mandatory life without parole (LWOP) sentence.  In *State v. Carter*, 3 Wn.3d 198, 548 P.3d 935 (2024), we held that mandatory LWOP sentences for defendants who are convicted of aggravated first degree murder and are between 18 to 20 years old are unconstitutional.  The majority in *Carter* relied on *In re Personal Restraint of Monschke*, 197 Wn.2d 305, 482 P.3d 276 (2021), which was a plurality opinion, to reach this conclusion.

There is no dispute that based on this court's holding in *Carter*, Schoenhals' original sentence is unconstitutional.  However, I write separately because I believe Schoenhals' personal restraint petition is timely under RCW 10.73.090(1).  Accordingly, we need not decide whether one of the exceptions to the time bar applies.

ANALYSIS

Under RCW 10.73.090(1), "[n]o petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the

judgment becomes final if the judgment and sentence is valid on its face." Here, Schoenhals' judgment and sentence is not valid on its face considering our decision in *Carter*. "A judgment and sentence is facially invalid if the trial court lacked authority to impose the challenged sentence." *In re Pers. Restraint of Snively*, 180 Wn.2d 28, 32, 320 P.3d 1107 (2014). *Carter*, which was not a plurality opinion, held that pursuant to *Monshke*, RCW 10.95.030 is unconstitutional when applied to 18- to 20-year-old offenders because the statute denies sentencing courts the discretion to consider mitigating qualities of youth when imposing LWOP sentences. 3 Wn.3d at 205. In light of *Carter*, the trial court in this case exceeded its authority in sentencing Schoenhals, a 20-year-old, to life without the possibility of parole without considering the mitigating qualities of youth. Schoenhals' sentence was unauthorized by law, making his judgment and sentence facially invalid.[1] *See In re Pers. Restraint of Coats*, 173 Wn.2d 123, 135, 267 P.3d 324 (2011) ("we have found judgment and sentences invalid when the trial judge has imposed an unlawful sentence"); *In re Pers. Restraint of Cook*, 114 Wn.2d 802, 810, 792 P.2d 506 (1990) (a petitioner must show actual and substantial prejudice to obtain relief from error based on constitutional grounds).

Based on *Carter*, there is no doubt that Schoenhals was actually and substantially prejudiced when he received a mandatory sentence of LWOP. Therefore, it is

---

[1] The concurrence by Justice Gordon McCloud indicates that this concurrence views *Monschke* as compelling the conclusion that Schoenhals' sentence is unconstitutional. Concurrence at 1. That is incorrect. *Monschke* was a plurality decision and cannot compel such a conclusion. However, because the majority in *Carter* interpreted *Monschke* as precedential, *Carter* compels the conclusion that Schoenhals' sentence is unconstitutional.

unnecessary for the lead opinion to both analyze whether *Monschke* constitutes a

significant change in the law under RCW 10.73.100(7) and what a petitioner must show

to demonstrate actual and substantial prejudice, especially in light of the fractured

opinion in *Monschke*. *See In re Pers. Restraint of Kennedy*, 200 Wn.2d 1, 24, 513 P.3d

769 (2022); *In re Pers. Restraint of Davis*, 200 Wn.2d 75, 81-83, 514 P.3d 653 (2022);

*Carter*, 3 Wn.3d at 233 (Madsen, J., dissenting).

CONCLUSION

RCW 10.73.090(1) provides Schoenhals with an exemption to the one-year time

bar on collateral attacks; thus, to provide Schoenhals with relief, I would apply that

exemption as opposed to the exemption under RCW 10.73.100(7).

With these considerations in mind, I respectfully concur.

_____
Madsen, J.

_____
Stephens, C.J.

_____
Johnson, J.

_____
Yu, J.

*In re Pers. Restraint of Schoenhals (John H.)*

No. 103672-8

GORDON McCLOUD, J. (concurring)—In 1986, petitioner John H.

Schoenhals received a mandatory sentence of life in prison without possibility of

release or parole for crimes he committed at age 20. "In 2021, we *held* in

*Monschke* that the life without release mandate from RCW 10.95.030 is

unconstitutional when applied to 18- to 20-year-old offenders because it denies

discretion to consider the mitigating qualities of youth in imposing sentences, in

violation of constitutional cruel and unusual punishment principles." *State v.*

*Carter*, 3 Wn.3d 198, 205, 548 P.3d 935 (2024) (emphasis added) (citing *In re*

*Pers. Restraint of Monschke*, 197 Wn.2d 305, 306-07, 326, 482 P.3d 276 (2021)

(plurality opinion)).

I therefore agree with both the lead opinion and the concurrence by Justice

Madsen that pursuant to *Monschke* and *Carter*, Schoenhals' sentence is

unconstitutional.

I also agree with both the lead opinion and the concurrence by Justice

Madsen that Schoenhals' personal restraint petition (PRP) is timely. As the lead

opinion explains, *Monschke* constitutes a significant, material, retroactive change

1

in the law within the meaning of RCW 10.73.100(7); Schoenhals' PRP is therefore exempt from the usual one year time limit under that statute. And as the concurrence by Justice Madsen explains, Schoenhals' judgment and sentence (J&S) shows that his sentence violates the *Monschke* decision, making his J&S invalid on its face within the meaning of RCW 10.73.090; his PRP is therefore exempt from the usual one year time limit under that statute, also.

Because I agree with both the lead opinion and the concurrence on each of these points, I respectfully concur.

_____
Gordon McCloud, J.

2